IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

**VS.**                                                                                                                                              **Case No. 1:18-CR-03984-KWR-1**

**QUENTIN VENENO, JR.,**

    Defendant.

## ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Review of Detention Order and Renewed Motion for Immediate Release, filed August 20, 2020 **(Doc. 81)**. The Court, having reviewed Parties' briefing and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the Court may hold a hearing, but that a hearing is not required). Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, and the parties' pleadings, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

On December 4, 2018, Defendant was indicted with (1) assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6), and (2) assault against a spouse or partner after he had been convicted of two other assaults, in violation of 18 U.S.C. §§ 1153 and 117(a)(1). These charges result from two instances in which he assaulted Jane Doe, caused serious bodily

injury including broken ribs and a punctured lung, and prevented her from receiving medical care. The victim is in continued fear for her safety. **Doc. 86 at 1.**

Defendant waived his detention hearing before United States Magistrate Judge Jerry H. Ritter. Judge Ritter found probable cause and ordered defendant to be detained.

The pretrial services report recommended that Defendant be detained, because no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. **Doc. 86.**

Defendant has an extensive criminal history, including:

- Domestic assault by a habitual offender in Indian Country.
- Aggravated Burglary (Armed after entering)
- Battery against a household member (three times)
- Aggravated Fleeing a law enforcement Officer
- Aggravated Driving while Intoxicated;
- Reckless Driving
- Resisting an Officer
- Domestic violence
- Receiving or transferring a stolen vehicle.
- Driving while Intoxicated (three times)
- Failure to appear (two times)
- Multiple alcohol related violations.

Defendant contracted COVID-19 at Cibola County Correctional Facility and was considered recovered on August 6, 2020. Defendant was asymptomatic and had no medical complications. There is nothing in the record to indicate that Defendant has an underlying condition that places him at greater risk from COVID.

## LEGAL STANDARD

### I. Standards for Appeal of Detention Order.

Defendant appeals Judge Ritter's detention order pursuant to § 3145(b). "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person

and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145.  The Court reviews the detention order de novo.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  Moreover, the Court may consider the evidence before the magistrate judge and also consider new evidence presented by the parties.  *Id.*  at 617.

**II.**     **Standards for release for compelling reasons under § 3142(i).**

To the extent Defendant argues that this Court is required to a hold another detention order in resolving this appeal, the Court disagrees. As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing."  *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Similarly, here the Court sees no statutory requirement under § 3142(i) for a hearing.

Defendant also seeks temporary release from pretrial custody pursuant to 18 U.S.C. § 3142(i).  That section provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). Section 3142 does not define "compelling reason."

The defendant bears the burden of proof under this provision. *United States v. Clark*, 2020 WL 1446895, at *2 (D. Kan. March 25, 2020). "The Court will evaluate the "other compelling reason" standard in light of the COVID-19 outbreak utilizing the following factors: (1) the original grounds for defendant's pretrial detention, (2) the specificity of defendant's COVID-19 concerns and the immediate risk of infection, and (3) the efficacy of the proposed release plan in addressing the concerns of the Court when the original detention decision was made as well as the COVID-19 risks now present." *United States v. Sondergard*, No. 19-CR-4048 MV, 2020 WL 1955159, at *1 (D.N.M. Apr. 23, 2020), *citing See United States v. Gomez*, 19-CR-3720 RB, Order Denying Motion For Reconsideration of Detention Order, April 10, 2020 (Wormuth, MJ); *cf. United States v. Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez*, 19-CR-1091, Order Denying Defendant's Motion to Modify Conditions of Release in Light of COVID-19, April 21, 2020 (Yarbrough, MJ).

## **DISCUSSION**

Defendant (1) appeals Magistrate Judge Ritter's detention order under § 3145 and (2) seeks temporary release from custody under § 3142(i) for compelling reasons. The § 3142(g) factors weigh heavily towards finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no condition or combination of conditions can reasonably assure the safety of the community or his appearance. Finally, the Court finds no compelling reasons to temporarily release him from custody.

I. **Detention factors under § 3142(g)**.

   A. **Nature and Circumstances of Crime Charged.**

Defendant is charged with two counts of assault with serious bodily injury on a spouse or partner. The Court finds that this is a serious crime and weighs in favor of finding that Defendant is a fight risk and danger to the community. On two separate occasions he violently assaulted Jane Doe, and prevented her from seeking medical attention for several days. Jane Doe spent several days at a hospital getting treatment for her serious injuries including broken ribs and a collapsed lung. This is part of a pattern of violent assaults. The specific allegations weigh toward finding that Defendant is a danger to the community. Accordingly, the first factor weighs in favor of the Government.

   B. **Weight of the Evidence.**

For the reasons stated by the Government, the weight of the evidence is strong and supported by medical expert evidence, police body camera evidence, Defendant's statements, and the testimony of Jane Doe. Defendant does not attempt to dispute this factor. Therefore, the strength of the evidence against the Defendant weighs in favor of finding that he is a danger to the community and a flight risk.

   C. **Defendant's history and characteristics.**

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

It is clear from Defendant's history and characteristics that no conditions of release can ensure the safety of the community, including his victim. The addendum to the PSR shows a continued risk to the victim. **Doc. 86 at 1.** Moreover, the Defendant's repeated assaults, battery, and crimes against his victims provides clear and convincing evidence that he is a danger to them and no conditions of release can ensure their safety.

Moreover, Defendant has a history of failure to appear and numerous violations while on supervision, including absconding from court ordered residential reentry placement, absconding from La Pasada Halfway House, failure to participate in Court ordered Domestic Violence treatment, failing to participate in Intensive Outpatient programming. At the time of this offense, Defendant had a warrant for failure to appear on an unrelated criminal charge. Defendant has a pattern of violent assaults against women, a pattern of not appearing before court, and a pattern of violating the terms of supervision. Therefore, the Court finds by a preponderance of the evidence that he is a flight risk.

The Court must also consider Defendant's "physical and mental health."  18 USC § 3142(g)(3)(A).  As explained below, this does not weigh toward release.

Defendant's history and characteristics strongly weigh toward finding he is a danger to the community and a flight risk.

    **D.**    **Danger to Community.**

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020). As explained above, Defendant poses, by clear and convincing evidence, a danger to the community if released. Defendant's repeated violent crimes, violations of conditions of release, and failures to appear at court all indicate that he is a danger to the community.

### E. Conditions of release will not reasonably assure safety of the community.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant does not suggest any conditions or combinations of conditions of release. Given Defendant's numerous probation and release violations, criminal history, and failures to appear, the Court doubts that any condition or combination of conditions of release could reasonably assure the safety of the community or Defendant's appearance.

Therefore, the Court finds by clear and convincing evidence that Defendant is a danger to the community and by a preponderance of the evidence that he is a flight risk, and no combination of conditions of release could reasonably assure his appearance or the safety of the community.

## II. No compelling reasons for release under § 3142(i).

Defendant argues that he should be released for compelling reason because of the risk to his health posed by COVID-19 pursuant to § 3142(i). Defendant is 34 years old and has not identified any underlying conditions making him more at risk to COVID-19.

The Bail Reform Act provides for the temporary release of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the

person's defense or for another compelling reasons." 18 U.S.C. § 3142(i). The defendant bears the burden of proof under this provision. *See United States v. Reese*, 2012 WL 13080791, *2 (D.N.M. April 2, 2012) (citation omitted); *United States v. Clark*, 2020 WL 1446895, at *2 (D.Kan. March 25, 2020). The Court will evaluate the "other compelling reason" standard in light of the COVID-19 outbreak utilizing the following factors: (1) the original grounds for defendant's pretrial detention, (2) the specificity of defendant's COVID-19 concerns and the immediate risk of infection, and (3) the efficacy of the proposed release plan in addressing the concerns of the Court when the original detention decision was made as well as the COVID-19 risks now present. *See United States v. Gomez*, 19-CR-3720 RB, Order Denying Motion For Reconsideration of Detention Order, April 10, 2020 (Wormuth, MJ); *cf. United States v. Clark*, 2020 WL 1446895, at *3; *United States v. Sanchez*, 19-CR-1091, Order Denying Defendant's Motion to Modify Conditions of Release in Light of COVID-19, April 21, 2020 (Yarbrough, MJ).

As this Court has previously explained:

> "[C]ourts make individualized determinations as to each defendant, which includes whether COVID-19 concerns present compelling reasons to warrant a defendant's release or transfer. *See United States v. Clark,* 2020 WL 1446895, at *3 (D. Kan. 2020). Generalized allegations and conclusory statements about possible exposure to or spread of COVID-19 do not meet the criteria for extraordinary and compelling reasons. *United States v. Eberhart,* 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020).

*United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020); *United States v. Lee*, No. 1:19-CR-3202-WJ, 2020 WL 1955158, at *3 (D.N.M. Apr. 23, 2020) ("a defendant should not be entitled to temporary release under [18 U.S.C.] § 3142(i) based solely on generalized COVID-19 fears and speculation.").

Here, Defendant contracted COVID-19 while in custody and has recovered from the virus. Defendant was asymptomatic for the entire 14-day isolation period and has no medical complications resulting form the virus. This is on par with 97% of the prisoners at the facility,

who have no signs, symptoms or complications.  **Doc. 86 at 2.**  It would be speculative to conclude he was at high risk based on the remote possibility that he (1) contracts COVID-19 again and (2) is not asymptomatic like before.  Moreover, Defendant's criminal history, risk of danger to the community, and risk of nonappearance or failing to abide by conditions of release counsel strongly against finding compelling reasons to release him.  Moreover, there is no proposed release plan explaining the combination of conditions of release.

Moreover, Defendant has not identified any specific underlying medical condition.  The PSR also noted that probation has not received any medical documentation indicating he is at higher risk if he contracts COVID-19.

Although the motion represents that Defendant had been unable to meet with his counsel because of the lockdown at Cibola, it appears that Cibola is now allowing counsel visits.  *See, e.g.,* 19-cr-240, Docs. 88, 91.  He has received his court papers and discovery.

Therefore, the Court finds there is no compelling reason to release Defendant pursuant to § 3142(i).

## CONCLUSION

The Court finds Defendant's § 3142(i) request for temporary release for compelling reasons unpersuasive, for the reasons stated above.  Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release could reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions can reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that the Defendant's Appeal of Detention Order (**Doc. 81**) is hereby **DENIED.**

9

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE