IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

  vs.                                            Case No. 1:18-CR-03984 KWR

QUENTIN VENENO, Jr.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Government's Motion in Limine to prohibit discussion of sentencing or punishment at trial, filed July 27, 2020 **(Doc. 68)**. For the reasons stated herein, the Court finds that the Government's motion is well taken and therefore is **GRANTED**.

The sentence or punishment following a guilty verdict is not relevant to the jury's determination. *See* Tenth Cir. Criminal Pattern Jury Instr. 1.20 (2011) ("You should not discuss or consider the possible punishment in any way while deciding your verdict.").

"Unless a statute specifically requires jury participation in determining punishment, the jury shall not be informed of the possible penalties." *United States v. Parrish*, 925 F.2d 1293, 1299 (10th Cir. 1991) (sentence or punishment is "irrelevant to the jury's task") (overruled on other grounds); see also *United States v. Greer*, 620 F.2d 1383, 1385 (10th Cir. 1980) (noting that absent a statutory requirement that the jury determine punishment, "nothing is left 'for jury determination beyond the guilt or innocence of an accused.'") (quoting *Chapman v. United States*, 443 F.2d 917, 920 (10th Cir. 1971)). Moreover, allowing a jury to consider punishment invites jury nullification

and is prejudicial. *Crease v. McKune*, 189 F.3d 1188, 1194 (10th Cir. 1999); *Greer*, 620 F.2d at 1384-85 (presenting information to jury about possible sentence is prejudicial). Therefore, the Court will exclude any reference to punishment or sentence at trial.

**IT IS SO ORDERED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE